UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re SSA BONDS ANTITRUST LITIGATION | : : : : | Civil Action No. 1:16-cv-03711-ER <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br>    ALL ACTIONS. | : : : : | FINAL JUDGMENT |

This matter came before the Court for hearing pursuant to Class Plaintiffs' application for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement with Deutsche Bank AG and Deutsche Bank Securities Inc. dated August 15, 2017 (ECF No. 291-2) (the "Settlement Agreement").  Due and adequate notice having been given to the Settlement Class as required in the Court's Preliminary Approval Order and Notice Order, the 90-day period provided by the Class Action Fairness Act, 28 U.S.C. §1715(d), having expired, and the Court having considered all papers filed and proceedings held herein and is fully informed of these matters.

For good cause shown, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Final Judgment and Order of Dismissal as to Deutsche Bank AG and Deutsche Bank Securities Inc. incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of the Action,[1] and, for purposes of enforcing and administering the Settlements, this Court has jurisdiction over the parties to the action, including members of the Settlement Classes.

3.     The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

4.     Based on the record before the Court, including the Preliminary Approval Order entered on March 2, 2018 and Notice Order entered on July 15, 2020, the submissions in support of the Settlement between Class Plaintiffs, for themselves individually and on behalf of each Settlement Class Member, and defendants Deutsche Bank AG and Deutsche Bank Securities Inc. (collectively,

---

[1]     As defined in the Settlement Agreement, "Action" refers to the above-captioned litigation pending in the United States District Court for the Southern District of New York and any other actions that may be transferred or consolidated into this litigation.

"Deutsche Bank," "Deutsche," or "Settling Defendant"), and any objections and responses thereto, the Court finds – solely for purposes of effectuating the Settlement – that all requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, and hereby certifies solely for settlement purposes the following Settlement Class:

> All persons or entities who, from January 1, 2005 to the date of the Preliminary Approval Order, entered into an SSA bond transaction with a Defendant; a direct or indirect parent, subsidiary, affiliate, or division of a Defendant; a Released Party; or an alleged co-conspirator, where such Persons were either domiciled in the United States or its territories or, if domiciled outside of the United States or its territories, entered into an SSA bond transaction in the United States or its territories or that otherwise involved United States trade or commerce. Excluded from the Settlement Class are Defendants, their co-conspirators identified herein, and their officers, directors, management, employees, current subsidiaries or affiliates, and all federal governmental entities; provided, however, that Investment Vehicles shall not be excluded from the definition of the Settlement Class.

5.  The Court finds that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, solely for settlement purposes, as follows: (a) the members of the Settlement Class are so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class, and these common questions predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of members of the Settlement Class in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by members of the Settlement Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action as a class action.

6. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the law firms of Quinn Emanuel Urquhart & Sullivan, LLP and Robbins Geller Rudman & Dowd LLP are appointed, solely for settlement purposes, as Co-Lead Counsel for the Settlement Class.

7. Class Plaintiffs are appointed, solely for settlement purposes, as class representatives for the Settlement Class.

8. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement set forth in the Settlement Agreement on the basis that the Settlement is fair, reasonable, and adequate as to, and in the best interests of, all Settlement Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court considered the factors listed in Rule 23(e)(2) and set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Moreover, the Court concludes that:

(a) The Settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating antitrust class actions and other complex litigation and is the result of vigorous arm's-length negotiations undertaken in good faith;

(b) This Action is likely to involve contested and serious questions of law and fact, such that the value of an immediate monetary recovery, in conjunction with the value of the cooperation, outweighs the mere possibility of future relief after protracted and expensive litigation;

(c) This is a partial settlement of the Action in a multi-defendant antitrust case, meaning that, if Class Plaintiffs' claims are proven at trial, the other current and future defendants will remain liable for all class damages under principles of joint and several liability, and, as such, the Settlement as set forth in the Settlement Agreement provides a guaranteed cash recovery and

other benefits to the Settlement Class without substantially diminishing the net expected value of the case going forward;

(d) Success in complex cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

(e) Co-Lead Counsel's judgment that the Settlement as set forth in the Settlement Agreement is fair and reasonable, and the Settlement Class Members' reaction to the Settlement is entitled to great weight.

9. Upon the Effective Date: (a) Releasing Parties (whether or not such Person executes and delivers proof of claim and release forms) shall be deemed to have, and by operation of this Final Judgment and Order of Dismissal shall have, fully, finally, and forever waived, released, relinquished, and discharged against the Released Parties (i) any and all Released Claims (including, without limitation, Unknown Claims), and (ii) any rights to the protections afforded under California Civil Code §1542 and/or any other similar, comparable, or equivalent laws; (b) Releasing Parties shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Claims against any Released Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind; and (c) Releasing Parties agrees and covenants not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

10. This Final Judgment and Order of Dismissal shall not affect in any way the right of Plaintiffs or Releasing Parties to pursue claims, if any, outside the scope of the Released Claims. Claims to enforce the terms of the Settlement Agreement are not released.

11. Upon the Effective Date, each of the Released Parties: (a) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Class Plaintiffs, each and all of the Settlement Class Members, and Co-Lead Counsel from (i) any and all Released Claims (including, without limitation, Unknown Claims), and (ii) any rights to the protections afforded under California Civil Code § 1542 and/or any other similar, comparable, or equivalent laws; (b) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, or prosecution against any counsel for Plaintiffs and Settlement Class Members in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims; and (c) agrees and covenants not to sue Class Plaintiffs, each and all of the Settlement Class Members, and Co-Lead Counsel on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against Class Plaintiffs, each and all of the Settlement Class Members, and Co-Lead Counsel related in any way to any Released Claims. This Final Judgment and Order of Dismissal shall not affect in any way the right of Settling Defendant or Releasing Parties to pursue claims, if any, outside the scope of the Released Claims. Claims to enforce the terms of the Settlement Agreement are not released.

12. Upon the Effective Date, any claims for contribution, indemnification, or similar claims from other Defendants in the Action against Released Parties, arising out of or related to the Released Claims, are barred in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any of the Released Parties.

13. All rights of any Settlement Class Member against (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named in the Action; or (c) any alleged

co-conspirators or any other Person subsequently added or joined in the Action, other than Settling Defendant and Released Parties with respect to Released Claims, are specifically reserved by Plaintiffs and the Settlement Class Members.

14.     To the extent permitted and/or authorized by law, the purchase, sale, and trading of SSA Bonds by Settling Defendant shall remain in the case against (a) any of the other Defendants currently named in the Action; (b) any other Person formerly named in the Action as a defendant; or (c) any alleged co-conspirators or any other Person subsequently added or joined in the Action, other than Settling Defendant and Released Parties, as a potential basis for damage claims and may be part of any joint and several liability claims.

15.     The mailing and distribution of the Notice to all Settlement Class Members who could be identified through reasonable effort and the publication of the Summary Notice satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

16.     Any Plan of Allocation submitted by Co-Lead Counsel or any order entered regarding a Fee and Expense Application shall in no way disturb or affect this Final Judgment and Order of Dismissal and shall be considered separate from this Final Judgment and Order of Dismissal.

17.     Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative

agency, or other tribunal. The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein. The Released Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. 18. Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation of the Settlement set forth in the Settlement Agreement; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

19. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Parties shall proceed in all respects as if the Settlement

Agreement and any related orders had not been entered; provided, however, that in the event of termination of the Settlement Agreement, Paragraphs 5.2 and 10.4 of the Settlement Agreement shall nonetheless survive and continue to be of effect and have binding force.

21.   The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement.  Without further Court order, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

22.   There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal.  The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.

IT IS SO ORDERED.

DATED:  April 2, 2021

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE